UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. WEISS,

    Petitioner,

v.

BYRAN BARTOW,

    Respondent.

Case No. 14-cv-1010-pp

---

**SCREENING ORDER DENYING WITHOUT PREJUDICE HABEAS CORPUS PETITION AND REQUIRING PETITIONER TO FILE AN AMENDED PETITION (OR FACE DISMISSAL) BY JUNE 30, 2015; ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS; AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

---

Petitioner Mark A. Weiss filed a habeas corpus petition under 28 U.S.C. §2255 on August 19, 2014. On September 15, 2014, Judge Clevert denied that petition, pointing out that it appeared that Mr. Weiss wasn't seeking to challenge a federal sentence (which is what §2255 petitions are for), but was seeking to challenge a *state* sentence (which is what 28 U.S.C. §2254 is for). Judge Clevert allowed Mr. Weiss to file an amended petition.

On September 26, 2014, Mr. Weiss filed an amended petition under §2254. In that petition, he indicated that he was challenging the sentence imposed by Kenosha County Judge Wagner in 2008CF0000210.

<u>History of filings after the amended habeas petition</u>

Mr. Weiss has filed a number of pleadings, entitled either "addendum" or "affidavit" or "brief," since he filed his habeas corpus petition. He filed a

1

pleading on September 26, 2014 (the same day the court received his amended habeas petition), entitled "Memorandum Addendum Motion to Consolidate Case(s) for Review and Relife [sic] of Compensation for Pain and Suffering, and Greif [sic] of Hardships of Emotional Distress, and Mental Anguish Crule [sic] and Unhumane [sic] punishments by the Letter of Law." In this pleading, it appears that Mr. Weiss is asking to add into his habeas petition case numbers 2007CF000105, in which he was sentenced on July 2, 2007 by Judge Warren in Kenosha County, and 2006CF000530, which was consolidated with 2007CF000105 (and so, again, in which Mr. Weiss was sentenced on July 2, 2007 by Judge Warren).

Mr. Weiss filed another document on October 30, 2014, entitled "Petitioner Response Brief In Support of Writ of Habeas Corpus." In the caption to that pleading, he added another case, 2007CF000016. In that case, the petitioner was charged in LaCrosse County in January of 2007—this case, too, appears to have been consolidated with 2007CF000105, and while the court record is not entire clear, it appears that this charge may have been dismissed.

Finally, on April 13, 2015, the court received from Mr. Weiss a document entitled "Memorandum Affidavit Pursuant to 28 U.S.C. §2254." In this document, he asks this court to vacate and abolish 2014CF001405. Mr. Weiss was charged in Kenosha County on November 25, 2014 with violation of a no-contact order. He entered a guilty plea on March 16, 2015, and his sentencing date is scheduled for May 29, 2015.

Discussion regarding screening of petition

The court has gone through all of the above pleadings because it must do so in order to "screen" the petitioner's habeas petition. Rule 4 of the Rules Governing §2254 says, "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . ." When a judge reviews the face of a petition and the exhibits, the judge is "screening" the petition.

One of the things a judge must look for when "screening" a petition is whether or not the petitioner has "exhausted" all of his state-court remedies. The Seventh Circuit federal court of appeals has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Circ. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a habeas petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner

3

to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also, Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001); Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, 544 U.S. 269, 278 (2005).

In his amended petition, Mr. Weiss told the court that he was challenging the sentence he received from Judge Wagner in case number 2008CF000210. Judge Wagner imposed the sentence in that case on February 6, 2009. The Wisconsin Circuit Court Access Program shows that on that same day, Mr. Weiss filed a notice saying that he intended to seek post-conviction relief. The court eventually extended the deadline for Mr. Weiss to file his notice of appeal to February 2, 2010; Mr. Weiss filed that notice on February 4, 2010. On June 9, 2010, in case number 2010AP322-CR, the Court of Appeals issued a decision and order dismissing Mr. Weiss' appeal. Mr. Weiss did not seek review of that decision with the Wisconsin Supreme Court, which is the highest court in the state of Wisconsin. **Thus, he has not exhausted his state court remedies on the sentence in 2008CF000201.**

On September 23, 2011, in the same case, Mr. Weiss filed a request asking the court to terminate his probation. On that same day, the court denied that request. There is no indication on the Wisconsin Circuit Court Access Program that Mr. Weiss appealed that decision. **Thus, he has not exhausted his state court remedies regarding his motion to terminate probation.**

4

On January 18, 2012, in the same case, Judge Wagner amended the judgment in Mr. Weiss' case. Originally, Judge Wagner had imposed a sentence of six years on Count I—four years of incarceration, followed by two years of extended supervision. The court deferred the incarceration component in favor of four years' probation, to be served concurrently with the sentence imposed on Count II. On January 18, 2012, however, Judge Wagner amended the judgment, and ordered that the four years of probation on Count I run consecutively to the sentence imposed in Count II.

On May 3, 2012, WCCAP reflects that Mr. Weiss filed a "Motion of Judicial Certiorari." Mr. Weiss followed this by filing a series of documents—some called letters, some called briefs, some called habeas. On August 15, 2013, Mr. Weiss filed a motion to modify his sentence and to consolidate two sentences into one sentence. Judge Wagner denied this motion on September 19, 2013. Mr. Weiss filed a motion for post-conviction relief on October 8, 2013, and the court held a hearing that day. On November 14, 2013, Judge Wagner denied Mr. Weiss' motion for sentence modification (which he may have raised in his motion for post-conviction relief). Mr. Weiss filed a motion for reconsideration on November 19, 2013; Judge Wagner denied that motion on November 20, 2013. On December 5, 2013, Mr. Weiss asked for sentence credit; Judge Wagner denied this request the same day.

Mr. Weiss filed a petition for writ of habeas corpus in the Wisconsin Court of Appeals, District 2, on December 9, 2013. Case no. 13AP2708-W. The Court of Appeals denied the petition on December 26, 2013.

On March 18, 2014, Mr. Weiss again asked Judge Wagner for sentence credit. Judge Wagner denied the request, advising Mr. Weiss that his case was on appeal. It is not clear to which appeal Judge Wagner was referring, but this court notes that on June 25, 2014, the District 2 Court of Appeals dismissed one of Mr. Weiss' habeas petitions in case no. 14AP639-W. Mr. Weiss asked the Court of Appeals to reconsider; it denied that request on August 4, 2014.

Mr. Weiss had filed another habeas petition, 14AP1445-W. The District 2 Court of Appeals denied that petition on July 30, 2014, but then, on August 4, 2014, granted his motion to reconsider. It appears that Mr. Weiss may have filed his petition for review in that case, and that further briefing may be in progress.

The court cannot tell from the record it has before it how all of these habeas corpus petitions relate to the challenge Mr. Weiss raised in his amended federal habeas petition. It does not appear, however, that he has exhausted his state court remedies on any of them. Either the Court of Appeals dismissed the petitions and he did not seek review in the highest court of the state (the Wisconsin Supreme Court), or—in just one case, 14AP1445-W—he sought review in the Supreme Court and that case hasn't yet been decided. **Either way, Mr. Weiss has not exhausted his state remedies in any of these cases.**

As the court discussed above, in the eight months since he filed his amended habeas petition, Mr. Weiss has filed a number of other pleadings, in which he appears to try to "add" new cases to his habeas petition. At the

6

outset, the court notes that there has been a long delay between the date that Mr. Weiss filed his amended petition and the date of this order. The court regrets this delay. It cannot explain why the case was delayed for three months, from September 26 to December 29, 2014, while it was assigned to Judge Clevert. But the case was re-assigned to Judge Pepper on December 29, 2014; any delay between that date and the date of this order is attributable to Judge Pepper's efforts to process her new case load.

That being said, Mr. Weiss cannot "add" new cases to his habeas petition by filing motions and memoranda and affidavits. He must include all the issues he wants to present in one, single §2254 petition. He must clearly explain in that petition the exact order—date it was issued, court that issued it, and judge who issued it—he wants this court to review. He must also give the date he appealed that order to the Wisconsin Court of Appeals, the date it gave its decision, the date he sought review in the Wisconsin Supreme Court, and the date that court issued its decision.

Further, it does not appear that Mr. Weiss has exhausted his state-court remedies in the cases he is trying to "add" to his federal habeas petition. WCCAP does not show any appeal from the July 2, 2007 sentence imposed in cases 2006CF000530, 2007CF000016, and 2007CF000105. If Mr. Weiss did not appeal that sentence to the Wisconsin State Court of Appeals or the Supreme Court, he cannot raise them in his federal habeas petition. Case no. 2014CF01405 is not even finished yet; Mr. Weiss will not be sentenced in that case until May 29, 2015. He cannot even appeal that case to the Wisconsin

State Court of Appeals, much less raise it in his habeas petition, until he has been sentenced. **Thus, Mr. Weiss has not exhausted his state remedies in these other cases.**

Because it appears that Mr. Weiss has not exhausted his state remedies in the claim raised in his amended petition, or in any of the cases he tried to "add" after he filed the amended petition, the court is going to dismiss the petition. The court will dismiss the petition without prejudice, which means that Mr. Weiss can file an amended petition which clearly states the one state-court case he's challenging, and which shows that he's exhausted his state remedies all the way up to the Wisconsin Supreme Court in that case. If Mr. Weiss can file a petition that makes it clear to the court which case he's challenging, and that he's exhausted his remedies, the court will review the petition to see if it states a substantive constitutional or federal law claim that is not frivolous. (The court notes, in that respect, that the amended complaint appears to argue that Mr. Weiss was not guilty of the stalking charge in 2008CF000210, that he was owed 299 days of custody credit instead of 47 on the sentence Judge Wagner imposed, and that his sentence in that case was excessive. The court makes no ruling at this time on whether those allegations state non-frivolous claims suitable for determination on federal habeas review.)

Motion for leave to proceed in forma pauperis

On September 26, 2014, Mr. Weiss filed a motion asking the court to allow him to proceed with his habeas case without having to pay the filing fee. While the filing fee for a habeas case is only $5.00, Mr. Weiss filed an affidavit

indicating that he had no money or assets of any kind. The court notes, given the history it has recounted above, that Mr. Weiss has been in some sort of state custody since at least 2008; it is understandable that he does not have the resources to pay a filing fee. The court will grant Mr. Weiss' request, and let him proceed without paying a filing fee.

Motion for appointment of an attorney

On January 6, 2015, Mr. Weiss filed a motion asking the court to appoint a lawyer to represent him. He indicated that he'd tried to find an attorney to represent him pro bono, but hadn't been able to do so, and that he couldn't afford a lawyer to represent him.

The court notes that almost every individual who files a 28 U.S.C. §2254 petition asks the court to appoint counsel. Unlike in a criminal prosecution, where the Constitution guarantees a defendant the right to be represented by a lawyer, there is no such Constitutional right to representation in a civil case—and a §2254 petition is a civil proceeding. Unfortunately, federal courts do not have funds to pay lawyers to represent petitioners who don't have the money to hire a lawyer. Thus, the court is limited in how frequently it can appoint a lawyer, and in which kinds of cases.

At this point, the court is not going to appoint a lawyer to represent Mr. Weiss. If Mr. Weiss can filed an amended petition that clearly states the order he's challenging, and that shows that he exhausted his state remedies regarding that order all the way to the Wisconsin Supreme Court, the court then will look at the merits of Mr. Weiss' allegations. If the court determines

that Mr. Weiss has alleged non-frivolous constitutional or federal law causes of action, it will consider allowing Mr. Weiss to file another motion seeking appointment of counsel.

Conclusion

The court **DENIES** the petitioner's September 26, 2014 amended habeas corpus petition, **WITHOUT PREJUDICE**.

The court **ORDERS** that the petitioner must file an amended §2254 petition on or before **JUNE 30, 2015**. The court **ORDERS** that if the petitioner does not file the amended petition by the June 30, 2015 date, the court will dismiss the case for failure to prosecute.

The court **GRANTS** the petitioner's request to proceed without paying the $5.00 filing fee.

The court **DENIES**, without prejudice, the petitioner's motion to appoint counsel.

Dated in Milwaukee this 12th day of May, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court**