UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

    Petitioner,

v.    Case No. 14-cv-1010-pp

BYRAN BARTOW,

    Respondent.

**SCREENING ORDER DISMISSING AMENDED §2254 HABEAS PETITION (DKT. NO. 17)**

On August 19, 2014, petitioner Mark A. Weiss filed a habeas corpus petition under 28 U.S.C. §2255. Dkt. No. 1. Judge Clevert (who was the presiding judge at that time) denied that petition, because the petitioner appeared to be challenging a sentence imposed by a *state* court. Dkt. No. 4. Section 2255 of Title 28 allows prisoners sentenced by *federal* courts to collaterally attack their *federal* sentences; because he was attacking *state* sentence, the petitioner should have filed a petition under 28 U.S.C. §2254. Judge Clevert did, however, allow the petitioner to amend his petition. Id. at 3. On September 26, 2014, the petitioner filed an amended petition under §2254. Dkt. No. 5. In the amended petition, the plaintiff challenged the sentence imposed by the Kenosha County Circuit Court in case 2008CF210. Id. at 2. In the Kenosha County case, the petitioner was convicted, after a bench trial, of stalking and bail jumping; he was convicted on February 28, 2008, and sentenced on February 6, 2009. Id.

1

As directed by this court, the petitioner filed another amended petition on May 20, 2015. Dkt. No. 17. The court will dismiss that amended petition, because the petitioner has not exhausted his state-court remedies.

I. The Court's Prior Screening Order Directed the Petitioner to File a New Petition Clarifying His Claims

The court screened the September 26, 2014 amended petition earlier this year. Dkt. No. 16. In its screening order, the court explained that the amended petition appeared to argue that the petitioner was not guilty of the stalking charge in case 2008CF210, that he was owed 299 days of custody credit on the state sentence (instead of the 47 days of credit the state court gave him), and that his sentence in that case was excessive. Id. at 8. The court did not decide whether any of those claims could proceed past the screening stage, because the court could not discern the specific claims that the petitioner wanted the court to review, and what state court cases those claims arose from. Id. at 6. For that reason, the court ordered the petitioner to file an amended petition, and to "include all the issues he wants to present in one, single §2254 petition" in which he explains "the exact order—date it was issued, court that issued it, and judge who issued it[,] . . . the date he appealed that order to the Wisconsin Court of Appeals, the date it gave its decision, the date he sought review in the Wisconsin Supreme Court, and the date that court issued its decision." Id. at 7.

II.  The Petitioner Failed to Exhaust His State Court Remedies on the Claims He Presented in His §2254 Petition

In the May 20, 2015 amended petition, the petitioner confirmed that in this habeas petition, he seeks to challenge his conviction and sentence in Kenosha County Circuit Court case no. 2008CF210. Id. at 1. Although the petitioner did not fill in Section 12 of the petition, which asks him to "state every ground on which [he] claim[s] that [he] is being held in violation of the Constitution, laws, or treaties of the United States," a review of the petition as a whole indicates that the petitioner is arguing (1) that his conviction for stalking in case 2008CF210 was not supported by sufficient evidence; (2) that his trial counsel was ineffective for failing to raise the defense of not guilty of stalking and for failing to present certain evidence and testimony; (3) that Wisconsin's stalking statute is unconstitutional because it is vague and overbroad; and (4) that he should have been credited with 299 days of custody, instead of only 47 days, at sentencing. Dkt. No. 17 at 15; Dkt. No. 17-1 at 11-15.[1]  He asks the court to give him "time served" and to "vacate this sentence because [he] did not stalk" the victim.  Dkt. No. 17, at 15.

The court now will screen the May 20, 2015 amended habeas petition. Rule 4 of the Rules Governing §2254 Proceedings says:

---

[1] The petitioner appears to have abandoned his argument that his sentence in case 2008CF210 is excessive because he was incorrectly sentenced as a "repeater." The Wisconsin Court of Appeals affirmed the trial court's factual finding that the state adequately proved the petitioner's repeater status, and the Wisconsin Supreme Court affirmed. The petitioner did not reference that issue in his May 20, 2015 petition. See generally, Dkt. No. 17.

3

Case 2:14-cv-01010-PP   Filed 09/10/15   Page 3 of 9   Document 22

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

As the court noted in its previous order, when screening a petition, the court must determine whether the petitioner has exhausted all of his state-court remedies as to each claim contained in the petition. A district judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). So, before a federal judge can review a habeas petitioner's claims on their merits, the petitioner first must have appealed the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also, Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528 (2005); Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

Like Judge Clevert did when he reviewed the original petition, this court has had difficulty parsing the petitioner's state and federal filings to determine

4

which allegations constitute claims that he can pursue in a §2254 petition. Now that the petitioner has filed a petition that talks only about his claims regarding his conviction and sentencing in case 2008CF210, the court can evaluate whether he may proceed on any of those claims.

As the court found in its prior screening order, the petitioner did not exhaust his state court remedies on the evidentiary and sentencing issues he raises in his §2254 petition that relate to case 2008CF210. The petitioner did file an appeal to the District II Court of Appeals from his Kenosha County conviction and sentence. State v. Mark A. Weiss, 2010AP000322-CR. He filed the notice of appeal (after getting extensions of time to do so) on February 4, 2010. Id. On May 3, 2010, however, the petitioner filed a notice voluntarily dismissing that appeal, pursuant to Wis. Stat. §809.18. Dkt. No. 5-1 at 12. The Court of Appeals held the dismissal in abeyance until it could obtain confirmation from the petitioner; it then dismissed the appeal on June 8, 2010. Id. So the District II Court of Appeals never had the opportunity to rule on whatever issues the petitioner planned to make on direct appeal. Because the court of appeals never had an opportunity to hear a direct challenge to the petitioner's conviction and sentence, neither did the Wisconsin Supreme Court.

The petitioner filed a motion to modify his sentence on August 15, 2013, which the circuit court denied. He then filed, on October 8, 2013, a post-conviction motion pursuant to Wis. Stat. §974.06. See State v. Weiss, 2008CF210, docket entry 55. The circuit court denied that motion on November 14, 2013. Id. at docket entry 50. The petitioner sought

5

reconsideration, id. at docket entry 47, which the circuit court also denied, id. at docket entry 42. The petitioner asked for clarification on sentence credit, id. at docket entry 44, and it is not clear whether the court responded to this request. But the petitioner filed a notice of appeal from the denial of his post-conviction motion on January 3, 2014. Id. at docket entry 41.

The District II Court of Appeals affirmed the circuit court's ruling on the petitioner's post-conviction motion on September 10, 2014. State v. Weiss, 2014AP38; Dkt. No. 17-1 at 3. The only issue that court considered in that appeal was whether the petitioner was appropriately sentenced as a "repeater." Id. The petitioner did not ask that court to consider whether the evidence was sufficient on the stalking charge, whether his trial counsel was effective, whether the stalking statute is unconstitutional, or whether he should have received a different amount of sentence credit.[2] He did not, therefore, exhaust his remedies as to those claims.

The petitioner did ask the Wisconsin Supreme Court to review the appellate court's decision, and the Wisconsin Supreme Court denied that petition. But while the petitioner has exhausted his state remedies as to the issue of whether he ought to have been sentenced as a "repeater," he has not raised that issue in this amended petition.

---

[2] The appellate court noted that the petitioner filed a "motion seeking additional sentence credit" in the trial court. Dkt. No. 17-1, at 3 n.1. But, on appeal, he did "not address the sentence-credit order," so the appellate court did not evaluate that issue. Id.

6

The petitioner did not argue all the way to the Wisconsin Supreme Court either that the evidence presented against him at trial was not enough to support his stalking conviction or that he should have been given more sentence credit than he received. Although the petitioner states that he argued in the Wisconsin appellate courts that he did not commit stalking and that Wisconsin's stalking statute is unconstitutionally vague and overbroad, Dkt. No. 17, at 2-3, those courts' records do not support his contention. Because the court can find no proof in the records the petitioner provided—or, indeed, in the public record of his cases available on the Wisconsin court access programs—that the petitioner presented any of these issues to the Wisconsin Court of Appeals or the Wisconsin Supreme Court for adjudication, he has not exhausted these claims in state court, and thus cannot raise them here.

As an aside, the court notes that even if the petitioner had exhausted his remedies in state court as to his claim of "ineffective assistance of trial counsel for failure to raise the defense of not guilty of stalking," the court finds that argument frivolous. The petitioner *did*, in fact, enter a not guilty plea to the stalking charge—that's why he went to trial. Dkt. 17, at 1-2.

It appears to this court that what the petitioner really seeks to do is to raise, in federal court, a challenge to his conviction and sentence that he never raised in the state appellate courts. In other words, he asks the federal court to take a second look at what the Kenosha County Circuit Court judge did. "[A] petition for a writ of habeas corpus does not provide a vehicle to re-litigate the question of his guilt or innocence. Hampton v. Holinka, No. 10-CV-265, 2010

Case 2:14-cv-01010-PP   Filed 09/10/15   Page 7 of 9   Document 22

WL 3156000, at *2 (W.D. Wis., Aug. 10, 2010). The petitioner cannot get the equivalent of a second trial through a federal habeas corpus petition.

The court will dismiss the petition in this case, because the petitioner failed to exhaust his state remedies.

III.     This Court Will Not Issue a Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

If a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id., 529 at 484. If, on the other hand, a district court dismisses a habeas petition based on procedural grounds, without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

8

find it debatable whether the district court was correct in its procedural ruling." Id. Each showing is a threshold inquiry; the court need only address one component if that particular showing will resolve the issue. Id., at 485.

In this case, the court concludes that its decision to dismiss the petitioner's claims on the grounds that the petitioner failed to exhaust his state court remedies is neither incorrect nor debatable among jurists of reason. Neither the petition nor its attachments indicate that the petitioner raised these issues at each level (or, indeed, any level) of the state appellate process, and the court's review of the state court dockets show that the petitioner did not appeal these issues to the Wisconsin Supreme Court. Therefore, the court will not issue a certificate of appealability.

IV. Conclusion

The court **ORDERS** that the habeas corpus petition is **DISMISSED**, effective immediately. The court further **ORDERS** that it will not issue a certificate of appealability.

Dated in Milwaukee this 10th day of September, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge